IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MAURICE FRYSON,

    Petitioner,

vs.                                                    Case No. 4:13cv658-RH/CAS

MICHAEL D. CREWS, Secretary,
Florida Department of Corrections,

and

PAMELA JO BONDI, Attorney General,

    Respondents.
_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On December 3, 2013, Petitioner Maurice Fryson, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner has paid the filing fee. Doc. 4.

The matter was referred to the undersigned magistrate judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary

hearing is required for the disposition of this matter. See Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show that the petition is untimely and successive, and should be dismissed. See Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Background and Procedural History

Petitioner states in his § 2254 petition that he was sentenced on October 20, 2003, in the Second Judicial Circuit, Leon County, Florida, following his entry of a plea to several charges. Doc. 1 at 1-2. Petitioner indicates he did not appeal his judgment and sentence. Id. at 2.

Petitioner states he filed a motion for postconviction relief on March 16, 2004, in the Second Judicial Circuit. Id. at 3. Petitioner indicates the court denied that motion without a hearing on March 24, 2004, and he appealed to the First District Court of Appeal (DCA), which affirmed the case without an opinion. Id.; see Fryson v. State, 884 So. 2d 939 (Fla. 1st DCA 2004) (table); online docket for 1D04-1891 at www.1dca.org (reflecting mandate issued November 9, 2004).

Petitioner further states he filed a motion to correct illegal sentence, seeking jail credit, in the Second Judicial Circuit on August 4, 2008. Doc. 1 at 3. Petitioner indicates this motion was denied on August 8, 2008, and he appealed to the First DCA, which affirmed the case without an opinion on December 24, 2008. Id.; see Fryson v. State, 998 So. 2d 608 (Fla. 1st DCA 2008) (table); online docket for 1D08-4437 at www.1dca.org (reflecting mandate issued January 21, 2009).

Petitioner also states he filed a petition for writ of habeas corpus in the Second Judicial Circuit on September 25, 2012. Doc. 1 at 3. Petitioner indicates the court denied this petition as untimely on January 8, 2013, and he appealed to the First DCA, which affirmed the case without an opinion. *Id.*; *see* Fryson v. State, 109 So. 3d 784 (Fla. 1st DCA 2013) (table); online docket for 1D13-373 at www.1dca.org (reflecting mandate issued April 16, 2013).

A review of the online docket for the First DCA confirms these cases as referenced by Petitioner. In addition, a search of this Court's docket reveals that Petitioner has previously filed a § 2254 petition challenging the same conviction and sentence he challenges in the instant petition. *See* Fryson v. McDonough, No. 4:04cv455-MP/EMT, 2006 WL 3123457, at *2 (N.D. Fla. Oct. 31, 2006), Doc. 1. In the earlier petition, Fryson raised one ground alleging ineffective assistance of counsel (IAC): defense counsel failed to file a motion to dismiss the charging information, which failed to allege one of the elements of the crime. *Id.* at 4. The Court denied the earlier § 2254 petition on the merits. *See id.* Doc. 22 (Report and Recommendation to deny § 2254 on merits), Doc. 23 (Order adopting report and recommendation, and denying § 2254 petition), Doc. 24 (Judgment).

In the instant petition, Fryson raises two grounds alleging IAC: (1) defense counsel was ineffective for failing to investigate and file a motion to dismiss the charges in the case based upon the court's violations of the Interstate Agreement on Detainers Act; and (2) defense counsel was ineffective for failing to investigate and raise the Florida court's "speedy trial" violations in the trial court that would have resulted in

discharge of the crimes charged in these cases in accordance with Florida Rule of Criminal Procedure Rule 3.191. Doc. 1 at 4, 8. Fryson acknowledges his one-year period for filing a § 2254 petition has expired and asserts "[t]he recent U.S. Supreme Court case of Martinez v. Ryan, 132 S.Ct. 1309 (2012) provides [him] with 'cause' for his delay in filing." Doc. 1 at 13.

## Analysis

Petitioner has failed to show a jurisdictional basis for this habeas action. Petitioner challenges his confinement pursuant to the same state court judgment that he challenged in his prior § 2254 petition. Thus, in addition to being untimely, the instant petition is "second or successive," for purposes of section 2244(b)(3)(A). This Court does not have jurisdiction to consider a second or successive § 2254 petition unless the Court of Appeals has authorized its filing. See 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file second petition). The Martinez case cited by Petitioner does not authorize review of the claims he now presents. See, e.g., Hutchinson v. Crews, No. 3:13cv128/MW, 2013 WL 2903530 at *1 (N.D. Fla. June 12, 2013), Doc. 13 (denying motion for reconsideration concerning dismissal of § 2254 petition as unauthorized successive petition and explaining: "Hutchinson suggests that the equitable principles which guided the Martinez decision provide petitioners with a chance to present ineffective assistance of trial counsel claims regardless of the restrictions in § 2244(b) because otherwise the claims would never be reviewed.

Case No. 4:13cv658-RH/CAS

Although Martinez may provide a habeas petitioner with cause to excuse a procedurally defaulted ineffective assistance of trial counsel claim in a first federal habeas petition, nothing in the decision suggests that AEDPA's restrictions on successive petitions are now to be ignored on equitable grounds." (citation omitted)). Therefore, this § 2254 petition should be dismissed.

## Conclusion

For the reasons stated above, this § 2254 petition is an unauthorized second or successive petition. Therefore, this Court does not have jurisdiction to consider it and it should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App.

P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2254 petition for writ of habeas corpus (Doc. 1) be **DISMISSED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 10, 2014.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**